1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALPHONSO R. BLACK,

              Petitioner,

     v.

CINDY BLACK & ROB BONTA,

              Respondents.

Case No.  2:21-cv-02017-JDP (HC)

ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS

ECF No. 1

Petitioner is incarcerated at the Napa State Hospital and is seeking a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Petitioner has not adequately developed his claims, and the petition cannot proceed.

Petitioner argues that his parole was revoked in March of 2018 for failure to be compliant with psychiatric medication.  ECF No. 1 at 4.  He raises three claims but does not contextualize them.

First, he claims that neither the police report nor body camera footage shows that he acted strangely.  *Id.* at 5.  Petitioner does not elaborate but refers the reader to an attached a copy of the

1

1   police report.  The report states that police responded to an apartment in San Francisco and spoke

2   with a physician on the scene.  *Id.* at 9.  The physician identified herself as Lynette Suarez and

3   stated that she was affiliated with "MHM Services, Inc. – Golden Gate CONREP."  *Id.*  Suarez

4   told police officers that petitioner was "psychiatrically decompensating" and exhibiting

5   "increased agitation and paranoid ideation about his roommates and friends."  *Id.*  Petitioner was

6   taken into custody without incident.  *Id.*  Nothing in the report obviously supports petitioner's

7   claim, and he must do more to develop that claim.

8         Second, petitioner claims that the observations of jail health services do not support the

9   allegation that he was "out of touch with reality."  *Id.* at 5.  Again, he provides no context of his

10  own and instead refers the reader to a report.  *Id.*  That report does state that petitioner was acting

11  normally, save for a slightly elevated mood, but petitioner must do more to connect this report to

12  the psychiatric confinement that he is attacking.  *Id.* at 10-12.  I cannot tell whether this report

13  was considered by the relevant decision-makers and, if so, what other evidence might have

14  influenced their decision to confine him to Napa State Hospital.  Put another way, a single report

15  showing that petitioner was acting normally for a span of time does not, standing alone, support a

16  habeas grant.

17        Third, petitioner claims that a lab report shows that all of his medications were in his

18  system.  *Id.* at 5.  I have reviewed the report and, again, conclude that petitioner must do more to

19  explain how the findings of the report support his release from Napa State Hospital.  I note that

20  the lab report is dated December 2017, *id.* at 14, and thus is not necessarily probative of what

21  medication levels were in petitioner's system at the time relevant to the revocation of his parole in

22  March 2018.

23        I will grant petitioner leave to amend so that he may develop his claims in greater detail.

24  If petitioner does not file another amended petition, I will recommend that this action be

25  dismissed.

26        It is therefore ORDERED that:

27

28

1.      Petitioner may file an amended petition within sixty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2.      The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   __November 9, 2021__                                      _____

                                              JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE