UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CINDY BLACK, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:21-cv-02017-WBS-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS** THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DENIED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 9 |

　　　　Petitioner Alphonso Ramon Clark seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 9. He alleges that after he was found not guilty of assault by reason of insanity, his due process rights were violated during civil recommitment proceedings. *Id.* at 1-2. Respondents argue that the petition should be denied because, at the time the petition was filed, petitioner was no longer in custody based on the commitment order he challenges. ECF No. 30 at 4. They also contend that, because petitioner was unconditionally released on June 2, 2022, any of his claims regarding custody are moot. *Id.* at 4-5. These arguments are persuasive, and petitioner has not filed a traverse challenging them. I therefore recommend that the petition be denied.

**Background**

　　　　In May 1999, petitioner was found not guilty of battering a correctional officer and of battering a correctional officer by gassing. ECF No. 31-16 at 1. He was subsequently committed to the Department of Mental Health for eight years and that commitment was extended several

1   times.  ECF No. 30 at 2.  On June 2, 2022, a jury found petitioner restored to sanity, and he was

2   discharged from custody unconditionally.  ECF No. 31-17.

## Discussion

### I.      Legal Standards

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition.  *See Harrington v. Richter*, 562 U.S. 86, 97 (2011).  To decide a § 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims.  *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) ("Because, here, neither the court of appeal nor the California Supreme Court issued a reasoned opinion on the merits of this claim, we look to the trial court's decision."); *McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010) (reviewing the decision of the court of appeal, which was last reasoned decision of a state court); *Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003) ("Because the California Supreme Court denied review of Gill's habeas petition without comment, we look through the unexplained California Supreme Court decision to the last reasoned decision . . . as the basis for the state court's judgment.") (internal quotations omitted).

Under AEDPA, a petitioner may obtain relief on federal habeas claims that have been "adjudicated on the merits in state court proceedings" only if the state court's adjudication resulted in a decision (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

### II.     Analysis

Petitioner's unconditional release from custody moots his claims.  Here, although petitioner was released after he filed his initial petition, the unconditionality of that release precludes further relief.  "Once the convict's sentence has expired, however, some concrete and

continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner, by declining to file a traverse, has failed to identify any such collateral consequence and the petition is now moot.

And, even if that were not the case, respondent's other argument regarding the order of commitment is persuasive. The petition challenges the revocation of petitioner's outpatient status in 2018. ECF No. 9 at 4. At the time of that revocation, petitioner was committed under an order that expired in November 2019. ECF No. 31-16 at 1. This case was initiated on October 28, 2021, and, at that time, petitioner was held in pre-commitment detention pending trial on the state's petition to again extend his commitment. ECF No. 30 at 4. Thus, even if petitioner's due process rights were violated during the 2018 revocation, he would not be entitled to any habeas relief from this suit. And petitioner has not challenged this argument by way of a traverse.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 9, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE